JUDGE SULLIVAN

**08 CV 4760**

Gibney, Anthony & Flaherty, LLP
John Macaluso (JM 2058)
665 Fifth Avenue
New York, New York 10022
Telephone (212) 688-5151
Facsimile (212) 688-8315
E-mail: jmacaluso@gibney.com

*Of Counsel:*
STEPHEN M. GAFFIGAN, P.A.
Stephen M. Gaffigan
312 S.E. 17th Street – Second Floor
Ft. Lauderdale, Florida 33316
Telephone (954) 767-4819
Facsimile (954) 767-4821
Email: stephen@smgpa.net

Attorneys for Plaintiff
Gucci America, Inc.



RECEIVED MAY 21 2008 U.S.D.C. S.D. N.Y. CASHIERS

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUCCI AMERICA, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>PAULETTE TYRRELL-MILLER a/k/a PAULETTE MILLER individually, d/b/a REALDEALHANDBAGS.COM d/b/a REAL DEAL HANDBAGS d/b/a AUTHENTICSTYLE4U.COM d/b/a AUTHENTIC STYLE d/b/a/ M. MILLER and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff, GUCCI AMERICA, INC., a New York corporation ("Gucci") hereby sues

Defendants, PAULETTE TYRRELL-MILLER a/k/a PAULETTE MILLER individually, d/b/a

REALDEALHANDBAGS.COM  d/b/a  REAL  DEAL  HANDBAGS  d/b/a

1

AUTHENTICSTYLE4U.COM d/b/a AUTHENTIC STYLE d/b/a/ M. MILLER and DOES 1-10 (collectively "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action pursuant to (i) 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a). Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since the named Defendants conduct business with consumers within this Judicial District through at least the fully interactive Internet websites Realdealhandbags.com, Authenticstyle4u.com.

## THE PARTIES

2. Gucci is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at 685 Fifth Avenue, New York, New York 10022. Gucci is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, high quality handbags and other goods under the Federally registered trademarks GUCCI, NON-INTERLOCKING GG MONOGRAM, INTERLOCKING GG MONOGRAM, REPEATING GG MONOGRAM, FACING GG MONOGRAM, and G MONOGRAM (collectively the "Gucci Marks").

3. Paulette Tyrrell-Miller, a/k/a Paulette Miller is an individual, who, upon information and belief, resides and/or conducts business within this Judicial District through the aliases "Realdealhandbags.com," "Real Deal Handbags," "Authenticstyle4u.com," "Authentic Style," and "M. Miller". Upon information and belief, Paulette Tyrrell-Miller conducts business at 65 Edgewater Avenue, North East, Maryland 21901 within this jurisdiction through the operation of the fully interactive websites, Realdealhandbags.com and Authenticstyle4u.com. Paulette Tyrrell-Miller is the moving and conscious force behind the operations of

Realdealhandbags.com, Authenticstyle4u.com.

4. Upon information and belief, Paulette Tyrrell-Miller is directly and personally engaging in the sale of counterfeit and infringing products within this District as alleged herein.

5. Defendant Does 1-5 are, upon information and belief, individuals who reside and/or conduct substantial business within this Judicial District. Further, Does 1-5 are directly and personally contributing, inducing, and engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants. Gucci is presently unaware of the true names of Does 1-5. Gucci will amend this Complaint upon discovery of the identities of such fictitious Defendants.

6. Defendant Does 6-10 are business entities which, upon information and belief, reside and/or conduct business within this Judicial District. Moreover, Does 6-10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants. Gucci is presently unaware of the true names of Does 6-10. Gucci will amend this Complaint upon discovery of the identities of such fictitious Defendants.

<u>COMMON FACTUAL ALLEGATIONS</u>

7. Gucci is the owner of the following trademarks which are protected by the following United States Federal Trademark Registrations:

| Mark | Registration No. | Registration Date |
|---|---|---|
| SQUARE G MONOGRAM | 2,042,805 | March 11, 1997 |
| NON-INTERLOCKING GG MONOGRAM DESIGN | 1,107,311 | November 28, 1978 |
| GUCCI | 0,876,292 | September 9, 1969 |
| GUCCI (SYTLIZED) | 3,061,918 | February 28, 2006 |

| | | |
|---|---|---|
| FACING GG MONOGRAM | 3,039,630 | January 10, 2006 |
| REPEATING GG DESIGN | 3,072,549 | March 28, 2006 |
| ROUNDED G MONOGRAM | 3,052,779 | January 31, 2006 |
| ELONGATED INTERLOCKING GG MONOGRAM | 3,376,129 | January 29, 2008 |
| NON-INTERLOCKING GG MONOGRAM DESIGN | 3,378,755 | February 5, 2008 |
| ROUNDED INTERLOCKING GG MONOGRAM | 3,391,739 | December 18, 2007 |
| BAMBOO HORSEBIT DESIGN | 3,243,972 | May 22, 2007 |
| HALF HORSEBIT DESIGN | 3,238,962 | May 8, 2007 |
| TWO TONE HORSEBIT DESIGN | 3,274,316 | August 7, 2007 |
| REPEATING HORSEBIT DESIGN | 3,274,315 | August 7, 2007 |
| GREEN RED GREEN STRIPE DESIGN | 1,122,780 | July 24, 1979 |

which are registered in International Class 18 and are used in connection with the manufacture and distribution of, among other things, high quality handbags.

8. The Gucci Marks have been used in interstate commerce to identify and distinguish Gucci's high quality handbags and other goods for an extended period of time.

9. The Gucci Marks have never been assigned or licensed to any of the Defendants in this matter.

10. The Gucci Marks are symbols of Gucci's quality, reputation, and goodwill and have never been abandoned.

11. Further, Gucci has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Gucci Marks. The Gucci Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

12. Gucci has extensively used, advertised, and promoted the Gucci Marks in the United States in association with the sale of high quality handbags and other goods, and has carefully monitored and policed the use of the Gucci Marks.

13. As a result of Gucci's efforts, members of the consuming public readily identify merchandise bearing the Gucci Marks as being high quality merchandise sponsored and approved by Gucci.

14. Accordingly, the Gucci Marks have achieved secondary meaning as identifiers of high quality handbags and other goods.

15. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Gucci's ownership of the Gucci Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

16. Gucci has discovered Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products, including at least handbags and other goods bearing trademarks which are exact copies of one or more of the Gucci Marks (the "Counterfeit Goods.") Specifically, upon information and belief, Defendants are using one or more of the Gucci Marks in the same stylized fashion for different and inferior quality goods.

17. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different to that of Gucci's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, Defendants, upon information and belief, are actively using, promoting, and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Gucci. The net effect of Defendants' actions will be to result in the confusion of consumers who will believe

Defendants' Counterfeit Goods are genuine goods originating from and approved by Gucci.

18. Upon information and belief, Defendants advertise their Counterfeit Goods for sale to the consuming public. In so advertising these products, Defendants use one or more of the Gucci Marks. Indeed, Defendants herein, upon information and belief, misappropriated Gucci's advertising ideas and entire style of doing business with regard to the advertisement and sale of Gucci's genuine products. Upon information and belief, the misappropriation of Gucci's advertising ideas in the form of one or more of the Gucci Marks has occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to Gucci.

19. Upon information and belief, Defendants are conducting their counterfeiting and infringing activities at least within this Judicial District and elsewhere throughout the United States. As a result, Defendants are defrauding Gucci and the consuming public for Defendants' own benefit. Defendants' infringement and disparagement of Gucci does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

20. Defendants' use of one or more of the Gucci Marks, including the promotion, advertising, reproduction, distribution, sale, and offering for sale of their Counterfeit Goods, is without Gucci's consent or authorization.

21. Further, Defendants may be, upon information and belief, engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally, or with reckless disregard or willful blindness to Gucci's rights for the purpose of trading on Gucci's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Gucci and the consuming public will

continue to be damaged.

22. Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Gucci's genuine goods and Defendants' Counterfeit Goods.

23. Gucci has no adequate remedy at law.

24. Gucci is suffering irreparable injury and has suffered substantial damages as a result of Defendants' counterfeiting and infringing activities.

25. The injuries and damages sustained by Gucci have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

26. Gucci has retained the undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

27. Gucci hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

28. This is an action for trademark counterfeiting and infringement against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of the Counterfeit Goods bearing one or more of the Gucci Marks.

29. Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, selling, offering for sale, and distributing counterfeit and infringing handbags and other goods bearing one or more of the Gucci Marks. Defendants are continuously

infringing and inducing others to infringe one or more of the Gucci Marks by using them to advertise, promote, and sell counterfeit handbags and other goods.

30. Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing one or more of the Gucci Marks.

31. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Gucci.

32. Defendants' above-described illegal actions constitute counterfeiting and infringement of one or more of the Gucci Marks in violation of Gucci's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

33. Gucci has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

### COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

34. Gucci hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

35. Defendants' Counterfeit Goods bearing one or more of the Gucci Marks have been widely advertised and distributed throughout the United States.

36. Defendants' Counterfeit Goods bearing one or more of the Gucci Marks are virtually identical in appearance to each of Gucci's respective genuine goods. However, the Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the

origin or sponsorship of the Counterfeit Goods.

37. Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols which tend to falsely describe or represent such goods, and have caused such goods to enter into commerce with possible knowledge of the falsity of such designations of origin and such descriptions and representations, all to Gucci's detriment.

38. Specifically, Defendants, upon information and belief, have authorized an infringing use of one or more of the Gucci Marks in Defendants' advertisement and promotion of their counterfeit and infringing handbags and other goods. Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

39. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

40. Gucci has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Gucci will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

**PRAYER FOR RELIEF**

41. WHEREFORE, Gucci demands judgment jointly and severally against Defendants as follows:

a. The Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing,

counterfeiting, or diluting any of the Gucci Marks; from using any of the Gucci Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark, or trade dress which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Gucci; from falsely representing themselves as being connected with Gucci, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Gucci; from using any reproduction, counterfeit, copy, or colorable imitation of any of the Gucci Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants, including, without limitation, handbags and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Gucci, or in any way endorsed by Gucci and from offering such goods in commerce; and from otherwise unfairly competing with Gucci.

    b.    Defendants be required to account to and pay Gucci for all profits and damages resulting from Defendants' trademark infringing and counterfeiting activities and that the award to Gucci be trebled, as provided for under 15 U.S.C. §1117, or, at Gucci's election with respect to Count I, that Gucci be awarded statutory damages from each Defendant in the amount of one million ($1,000,000.00) dollars per each counterfeit Gucci Mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

    c.    Gucci be awarded punitive damages.

    d.    Gucci be awarded pre-judgment interest on its judgment.

e.  Gucci be awarded its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

f.  Gucci be awarded such other and further relief as the Court may deem just and proper.

Date: May 21, 2008.

Respectfully submitted,

GIBNEY, ANTHONY, & FLAHERTY, LLP

By: *[signature]*
John Macaluso
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
E-mail: jmacaluso@gibney.com

*Of Counsel:*
STEPHEN M. GAFFIGAN, P.A.
Stephen M. Gaffigan
312 S.E. 17th Street – Second Floor
Ft. Lauderdale, Florida 33316
Telephone (954) 767-4819
Facsimile (954) 767-4821
Email: stephen@smgpa.net

Attorneys for Plaintiff,
Gucci America, Inc.

11